IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | NO. 10-052-8 |
| NICHOLAS FATGIA, | : | |
| Defendant. | : | |

**MEMORANDUM**

**Jones, II  J.**                                                                                                    **May 30, 2018**

## I. Introduction

Presently before the Court is a Pro Se Motion to Modify Sentence (ECF No. 439) filed by Defendant Nicholas Fatiga in the above-captioned matter. Pursuant to 18 U.S.C. § 3852(c)(2) and Amendment 782 of the Sentencing Guidelines, Defendant moves this Court to reduce the imprisonment term of his sentence to a term within the range of 110 and 137 months. (ECF No. 439, p. 1). Amendment 782 became effective on November 1, 2014 and lowered the base level offense from most drug level offenses by two levels.

The Government filed a Response in Opposition to Defendant's Motion (ECF No. 447) in which it argued that Amendment 782 was inapplicable to Defendant's case; therefore Defendant is not entitled to a reduction.

Based on a thorough review of Defendant's Motion, the Government's Response in opposition thereto, and the applicable record before the Court, Defendant's Motion is denied.

## II. Background

On February 24, 2011, Defendant pled guilty to conspiracy to distribute five kilograms of cocaine in violation of 21 U.S.C. § 846. The Presentence Investigation Report (PSR) calculated that Defendant was responsible for more than five but less than ten kilograms of cocaine. (PSR ¶ 71). In accordance with U.S.S.G. § 2D1.1(a)(4), said drug quantity gave Defendant an initial base offense level of thirty-two (32). (PSR ¶ 81).

Because Defendant was previously convicted of three drug trafficking offenses, in accordance with U.S.S.G. § 4B1.1, Defendant was deemed a career offender. (PSR ¶ 87). As a career offender, Defendant's initial base offense level was increased to thirty-seven (37). (PSR ¶ 87). Pursuant to U.S.S.G. § 3B1.2, Defendant's initial base offense level offense was reduced by three for being a minimal participant in the crime activity. (Nicholas Fatiga Sentencing Hr'g, 06/26/12 Hr'g Tr. at 25). Three additional points were subtracted from said base offense level for Defendant's acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a total offense level of thirty-one (31). (Nicholas Fatiga Sentencing Hr'g, 06/26/12 Hr'g Tr. at 26). Under section 4B1.1(b), as a career offender, Defendant was assigned a criminal history category of VI, giving Defendant an advisory sentencing guideline range of 180 to 235 months. (Nicholas Fatiga Sentencing Hr'g, 06/26/12 Hr'g Tr. at 26-27).

In accordance with U.S.S.G. 5K1.1 and 18 U.S.C. § 3553(e), the Government filed a sealed motion for a downward departure. (Nicholas Fatiga Sentencing Hr'g, 06/26/12 Hr'g Tr. at 27). This Court subsequently granted Defendant a downward departure of four advisory guideline levels, reducing Defendant's base offense level to twenty-seven (27). (Nicholas Fatiga Sentencing Hr'g, 06/26/12 Hr'g Tr. at 28). Based on a total offense level of twenty-seven (27) and a criminal history category of VI, Defendant's advisory sentencing guideline range was 132

2

to 162 months. (Nicholas Fatiga Sentencing Hr'g, 06/26/12 Hr'g Tr. at 29). This Court subsequently sentenced Defendant to 162 months' imprisonment. (Nicholas Fatiga Sentencing Hr'g, 06/26/12 Hr'g Tr. at 29).

**III.   Discussion**

U.S.S.G. §1B1.10 provides:

In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)[1]. As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

Defendant brings this present Motion pursuant to 18 U.S.C. § 3582(c)(2) arguing that his sentence was imposed in part pursuant to U.S.S.G. § 2D1.1(c)(5), which has subsequently been reduced by the United States Sentencing Commission ("U.S.S.C.") in its November 1, 2014 adoption of Amendment 782. (ECF. No. 439 p. 5). Defendant alleges that applying Amendment 782 to the sentence imposed upon him would leave him with a new base offense level of twenty-five (25), rendering a sentencing guideline range of 110-137 months. (ECF. No. 439 p. 5).

This Court rejects Defendant's arguments. Defendant's contention that his sentence qualifies for reduction under Amendment 782 stands on the false assumption that said sentence was set pursuant to § 2D1.1. Defendant is incorrect. Amendment 782 would have served to lower Defendant's initial base offense level from 32 to 30 under § 2D1.1. However, such calculation does not take into account Defendant's past criminal history. Defendant has three prior

---

[1] 18 U.S.C. § 3582(c)(2) provides: [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

convictions for drug distribution and since the instant offense involved drug distribution while Defendant was over the age of eighteen years old at the time of its commission, Defendant is considered a "career offender" pursuant to U.S.S.G. § 4B1.1. (Nicholas Fatiga Sentencing Hr'g, 06/26/12 Hr'g Tr. at 27). As such, Defendant's initial base offense level of thirty-seven (37) was determined in accordance with Defendant being a career offender pursuant to § 4B1.1. While Amendment 782 may reduce Defendant's § 2D1.1 initial base offense level, said amendment has no effect on Defendant's § 4B1.1 initial base offense level. As a career offender, Defendant's initial base offense level remains 37. As such, Amendment 782 does not affect Defendant's applicable sentencing range, and therefore § 3582(c)(2) does not authorize a reduction in Defendant's sentence.

In accordance with the foregoing, Defendant's Motion to Modify Sentence (ECF No. 439) shall be denied.

An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. Darnell Jones, II    J.